■ ELAINE SHAWE et al., Respondents, v CLARENCE O. ADDO-YOBO, Appellant, et al., Defendant.—Two orders of the Supreme Court, Westchester County (Sondra Miller, J.), entered February 17, 1989 and on or about June 1, 1989, respectively, which, *inter alia,* granted plaintiffs' motion on the eve of trial to permit testimony by a psychologist to the extent of limiting the testimony to psychological injuries allegedly suffered by plaintiff Elaine Shawe, unanimously affirmed, without costs.

This medical malpractice case arises out of events which occurred during the months of September through November 1980. Plaintiff went to see defendant doctor in September 1980, whereupon she was told she was pregnant. Through the course of a month, plaintiff began experiencing sharp abdominal pains eventually necessitating surgery for the abortive removal of the fetus. Thereafter, defendant showed plaintiff a photo of the fetus. Plaintiffs seek damages as a result of defendants' alleged malpractice, including damages for emotional harm.

On September 4, 1987, a pretrial conference was held. On October 27, 1988, three days before the matter was to be called for trial, plaintiffs served upon defense counsel the report of a psychotherapist and psychologist to whom they were referred for examination by counsel. On November 3, 1988, plaintiffs sought an order permitting the expert to testify regarding their psychological injuries. Defendant opposed the motion on the grounds of noncompliance with 22

NYCRR 202.17 (h), which requires the exchange of medical reports before trial. The motion was granted. However, upon reargument, the court limited the expert's testimony to emotional injuries allegedly sustained by plaintiff wife.

Based upon the purely derivative nature of plaintiff husband's claim, Supreme Court correctly decided the motion. The court's order strikes the note of issue and requires full disclosure of the substance of the testimony before the case proceeds to trial and, thus, avoids subjecting appellant to unfair surprise. Moreover, there is support in the record for the court's findings of good cause and lack of prejudice, and its exercise of discretion in this regard should not be disturbed. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.