■ JOSE SANTOS, as Administrator of the Estate of GUAQUIN GARCIA, Deceased, Respondent, v AMERICAN MUSEUM OF NATURAL HISTORY, Appellant, and APOLLON WATERPROOFING & RESTORATION CORP., Respondent.—In an action to recover

damages for wrongful death, the defendant American Museum of Natural History appeals from so much of an order of the Supreme Court, Nassau County (Saladino, J.), dated October 4, 1990, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff, the appellant's motion is granted, the complaint insofar as it is asserted against it and any cross claims against it are dismissed, and the action against the remaining defendant is severed.

The decedent Guaquin Garcia died when he fell from a scaffold while employed renovating a building occupied by the American Museum of Natural History (hereinafter the Museum). The plaintiff, as the administrator of Garcia's estate, commenced this action against the Museum, which was the lessee of the building, and Apollon Waterproofing & Restoration Corporation, the general contractor. The City of New York, which owned the building, contracted for the renovations, and supervised the work site, was not a party to the action.

The Museum moved for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it, contending that it could not be held liable under the Labor Law, since it neither owned the building, contracted for the renovations, supervised the work site, nor had the authority to supervise the workers. Only the plaintiff opposed the motion for summary judgment. The Supreme Court determined that an issue of fact existed with respect to whether the Museum had an obligation to maintain, repair, and renovate the building, and denied the Museum's motion.

The Museum was neither a contractor, owner, or agent engaged in the construction, demolition, excavation, repair, alteration, cleaning, painting, or pointing of a building or structure. Nor did it have the authority to control the activity which brought about the injury. The Museum's Charter with the City of New York imposes the obligation to repair the building upon the City. Moreover, the provision of the Charter which grants the Museum the right to "appoint, direct, control and remove all persons employed within said building, and in and about the care of said building, and the museum, library and collection therein contained", merely grants the Museum the right to supervise those employed in the operation and general maintenance of the Museum. Thus, it cannot be said that the Museum had the right to supervise the

workers hired by the City to renovate the building. The Museum, as a lessee, cannot be held liable under Labor Law § 240, since it neither contracted for nor supervised the renovation work, and had no authority to insist that proper safety measures were followed (see, Pouso v City of New York, 177 AD2d 560; Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 114). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.