■ CARLOS LOZADA, Respondent, v BUILD ON TOP, HDFC, Appellant, et al., Defendant. [700 NYS2d 98] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about October 5, 1998, which, to the extent appealed from as limited by defendant-appellant's brief, granted plaintiff's cross motion

to preclude the testimony at trial of plaintiff's alleged assailant, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, provided that appellant Build On Top shall conduct the deposition of defendant Jacinto Fermaintt (sued herein as Jacinto Fermin) at least 7 days prior to trial and on 7 days' notice to plaintiff.

The complaint charges appellant Build On Top with negligence in the hiring and supervision of its employee, Jacinto Fermaintt, who is alleged to have assaulted and injured plaintiff. Although named as a defendant, Mr. Fermaintt has never appeared in this action. A motion to enter a default judgment was granted by order dated October 18, 1995, with entry of judgment "held in abeyance until the time of trial of co-defendant" (appellant herein).

The depositions of plaintiff, appellant and a nonparty witness were conducted during the latter half of 1997. Thereafter on April 23, 1998, plaintiff served and filed a note of issue. By motion dated May 7, 1998, appellant moved to strike the note of issue on the ground that the deposition of the witness Fermaintt was still outstanding. The parties subsequently moved to withdraw the motion pursuant to a stipulation between counsel, which provides, "The deposition of non-party witness, JACINTO FERMAINTT, shall be conducted by the parties while the within action remains on the trial calendar."

The witness was personally served with a subpoena to testify at a deposition to be held on June 8, 1998 but failed to appear. Shortly thereafter, Supreme Court issued a decision, dated June 12, 1998, which permitted withdrawal of the motion to strike the matter from the calendar, but directed defendant-appellant to "conduct the deposition of the non-party witness Jacinto Fermin by subpoena within 30 days" or forfeit the right to take his testimony.

Appellant's investigator discovered that the witness had gone to Puerto Rico and contacted Fermaintt's relatives there. However, appellant was not able to ascertain Fermaintt's whereabouts and no examination before trial was scheduled. Plaintiff thereupon brought a motion (denominated a motion to renew and reargue) seeking to preclude the testimony of Jacinto Fermaintt at trial. In the order subject to appeal, Supreme Court disregarded the stipulation between the parties and issued an order precluding testimony by the witness. The court noted that a pretrial conference order had originally directed the parties to conduct depositions on March 29, 1996.

CPLR 3126 provides for the imposition of penalties where a person under a party's control refuses to disclose information

that the court deems pertinent. It is incumbent upon plaintiff, as the moving party, to establish that appellant's failure to comply with discovery demands was willful (*Herrera v City of New York*, 238 AD2d 475). Appellant portrays the witness as "an adversarial co-defendant" no longer in its employ, and plaintiff does not contend that Mr. Fermaintt remains under appellant's control (*Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351, 352).

These considerations are eclipsed by the stipulation between counsel, by which plaintiff expressly consents to deposition of the witness. It is a well established rule that parties "may to a large extent chart their own procedural course through the courts" (*Stevenson v News Syndicate Co.*, 302 NY 81, 87; *see also*, *Matter of Malloy*, 278 NY 429) and "courts have long favored and encouraged the fashioning of stipulations as a means of expediting andsimplifying the resolution of disputes" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214). As the stipulation does not offend public policy (*supra*), appellant is entitled to an opportunity to examine the witness, should it succeed in obtaining his appearance. Although the stipulation does not limit the time at which the deposition can be scheduled, the procedural rules do not permit unfair surprise (*see*, *Shawe v Addo-Yobo*, 161 AD2d 363, 364), and plaintiff is therefore entitled to a reasonable time period in which to prepare for trial. As trial was last scheduled for October 25, 1999, appellant may conduct the examination before trial on 7 days' notice to plaintiff. Concur—Sullivan, J. P., Nardelli, Williams, Rubin and Andrias, JJ.