■ CHARLES ZAHER et al., Appellants, v SHOPWELL, INC., Doing Business as FOOD EMPORIUM, Respondent, et al., Defendant. [795 NYS2d 223]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered November 28, 2003, which granted defendant Shopwell's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The term "owner" within the meaning of article 10 of the Labor Law encompasses a "person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984]). The statute may also apply to a lessee,

where the lessee has the right or authority to control the work site, even if the lessee did not hire the general contractor (*Bart v Universal Pictures,* 277 AD2d 4, 5 [2000]).

In support of its argument that it is not an "owner," Shopwell (defendant) relied solely on the deposition testimony of its store manager that he was unaware that work was being performed in the basement by plaintiff's employer, Verizon. However, this testimony is inconclusive as to whether defendant hired Verizon, without the store manager's knowledge, to install a cable and alarm system in the basement of the store. Indeed, the store manager also testified that he dealt only with the day-to-day operation of the store and that he had no knowledge of the leasing or management arrangements between defendant and the building owner. Thus, defendant failed to establish its entitlement to judgment as a matter of law that it is not an "owner" within the meaning of the Labor Law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Moreover, there is evidence in the record that defendant exercised control over the basement area in which plaintiff performed his work. Access to the work site was through an interior door within the store that was kept locked by the store's management. The store manager testified that defendant used the basement for food storage and preparation. Coupled with this evidence of defendant's exercise of control over the work site, the evidence that defendant's employees directed plaintiff and his coworkers as to where to leave the cable, assisted them in delivering the cable to the basement, and moved boxes around in the basement to accommodate plaintiff, also raises an inference that defendant hired Verizon.

Since there are material issues of fact as to whether defendant is an owner within the meaning of the Labor Law, plaintiff's Labor Law claims, including the section 200 claim, should not have been dismissed on the ground that defendant is not an owner (*see Murphy v Columbia Univ.,* 4 AD3d 200, 202 [2004] [supervision and control over plaintiff need not be proved where injury arose from condition of work site created by or known to owner, rather than from method of plaintiff's work]).

As to plaintiff's negligence claims, defendant argues that it did not create or have actual or constructive notice of the dangerous condition in the basement. However, in addition to the evidence showing that defendant used the basement for food storage and preparation and exercised control over the area in which the accident occurred, plaintiff testified that the basement area was littered with grease, rotting produce and leaking food cans and bottles. This evidence raises an issue of

fact as to whether defendant created the dangerous condition (*see Cruz v New York City Hous. Auth.*, 291 AD2d 223, 224 [2002]).

The evidence that defendant's employees helped plaintiff take the cable down to the basement and moved boxes around to accommodate him, and plaintiff's testimony that the substances on the floor appeared to be days old and that he had seen the grease and other substances on the floor of the sump room the day before the accident, also raise an issue of fact as to whether defendant had constructive notice of the dangerous condition, i.e., whether the condition existed for a sufficient length of time to permit defendant's employees to discover and remedy the situation (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Thus, plaintiff's negligence claims should not have been dismissed. Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.