■ ROBERTH ARTEAGA, Plaintiff, v 231/249 W 39 STREET CORP. et al., Respondents, et al., Defendant. 231/249 W 39 STREET CORP., et al., Third-Party Plaintiffs-Respondents, v BALLET MAKERS, INC., Doing Business as CAPEZIO, Third-Party Defendant-Appellant-Respondent. BALLET MAKERS, INC., Doing Business as CAPEZIO, Second Third-Party Plaintiff-Appellant-Respondent, v LWC CORPORATE, INC., et al., Second Third-Party Defendants-Respondents-Appellants, et al., Second Third-Party Defendant. [847 NYS2d 5]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered December 22, 2006, which, to the extent appealed from, granted the cross motion of third-party plaintiffs 231/249 W 39 Street Corp. et al. (the owners) for summary judgment against third-party defendant Ballet Makers (Capezio); denied Capezio's cross motion for summary judgment dismissing the owners' third-party complaint; denied the owners' and Capezio's respective cross motions for summary judgment against the LWC second third-party defendants; denied the LWC

parties' motion for summary judgment dismissing the second third-party complaint; and declared that Capezio was entitled to insurance coverage to the extent the LWC parties procured insurance listing Capezio as an additional insured, unanimously reversed, on the law, without costs, the owners' cross motion denied, Capezio's cross motion for summary judgment to dismiss the third-party complaint granted, the LWC parties' motion for summary judgment dismissing the second third-party complaint granted, and the declaration vacated. The Clerk is directed to enter judgment accordingly.

The lease obligates Capezio to indemnify the owners only for costs "for which Owner shall not be reimbursed by insurance." Further, each party "waives *any* claim . . . insofar as such claim is based on a risk insured under any insurance policy carried by the waiving party" (emphasis added). Capezio and the LWC parties submitted affirmations that the owners had insurance covering the claims asserted by plaintiff, a painter employed by nonparty IBS who was injured when he fell from a scaffold. As the owners did not contradict these assertions, they are deemed admitted (*see Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]). Sophisticated commercial parties such as these owners and Capezio are permitted "to allocate the risk of liability to third parties by the procurement of liability insurance" (*Morel v City of New York*, 192 AD2d 428, 429 [1993]). Unambiguous language in a lease should be enforced (*see e.g. W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Thus, the owners' claims for contractual and common-law indemnification against Capezio should have been dismissed.

The claim for common-law indemnification against Capezio fails for the independent reason that it did not supervise or control plaintiff's work (*see Kemp v Lakelands Precast*, 55 NY2d 1032 [1982]; *cf. Felker v Corning Inc.*, 90 NY2d 219, 226 [1997]). The owners' contention that Capezio had authority to direct, supervise or control plaintiff's work is not only unsupported by the evidence, but is contradicted by the deposition testimony of Capezio's corporate facilities/safety manager. In any event, mere *authority* to supervise does not render Capezio liable to the owners (*see e.g. Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469 [1998]). The fact that Capezio might have been liable in a direct suit by plaintiff under Labor Law § 240 (1) (*see e.g. Bart v Universal Pictures*, 277 AD2d 4, 5 [2000]) does not mean Capezio is obliged to indemnify the owners (*see Diamond v Bank of N.Y.*, 199 AD2d 65 [1993]; *D'Amico v Manufacturers Hanover Trust Co.*, 177 AD2d 441, 443 [1991]).

Dismissal of the third-party complaint leaves no basis for the

second third-party complaint, and renders academic all arguments about the LWC parties' liability. Concur—Andrias, J.P., Saxe, Nardelli, McGuire and Malone, JJ.