■ REUBEN ALLAN, Respondent, v DHL EXPRESS (USA), INC., Appellant-Respondent, and 500 LINCOLN, LLC, Respondent-Appellant. (And a Third-Party Action.) [952 NYS2d 275]—

The plaintiff allegedly was injured while performing construction work in a building owned by the defendant 500 Lincoln, LLC (hereinafter 500 Lincoln), and leased to the defendant DHL Express (USA), Inc. (hereinafter DHL). 500 Lincoln had hired the plaintiff's employer, Structural Preservation Systems (hereinafter SPS), to perform structural repairs in the building. The plaintiff testified at his deposition that he fell from the top of a scaffold, which was approximately seven or eight feet high, and that he had not been provided with a harness, a lanyard, or an anchorage point for a lanyard. However, an SPS foreman and an SPS lead man testified at their respective depositions that the plaintiff fell while climbing down the side of the scaffold, instead of using a ladder that had been set up adjacent to the scaffold.

The plaintiff commenced this action against DHL and 500 Lincoln, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). In their respective answers, DHL and 500 Lincoln asserted cross claims against each other, inter alia, for common-law and contractual indemnification. After discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging violations of

Labor Law § 240 (1) insofar as asserted against 500 Lincoln, and DHL moved for summary judgment, among other things, dismissing the complaint insofar as asserted against it and 500 Lincoln's cross claims for common-law and contractual indemnification, and on its cross claim against 500 Lincoln for common-law indemnification. The Supreme Court, inter alia, granted the plaintiff's motion and denied DHL's motion.

In pertinent part, Labor Law § 240 (1) imposes a nondelegable duty on "[a]ll contractors and owners and their agents . . . in the . . . repairing . . . of a building or structure" who do not "furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding" that does not "give proper protection to a person so employed" (Labor Law § 240 [1]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500 [1993]). Labor Law § 241 (6) holds "owners and contractors and their agents" liable for failing to comply with rules promulgated by the Commissioner of the Department of Labor (Labor Law § 241 [6]; *see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; Industrial Code [12 NYCRR ch I, subch A]). With respect to both statutes, the term "owner" encompasses a "person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984]; *see Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008]). Notably, "owner" includes a lessee who has "the right or authority to control the work site, even if the lessee did not hire the general contractor" (*Zaher v Shopwell, Inc.*, 18 AD3d 339, 340 [2005]).

In support of its motion, DHL submitted the contract between 500 Lincoln and SPS, as well as the deposition testimony of the plaintiff, SPS foreman Fernando Perez, SPS laborer Henry Rivera, SPS mason Marcello Ortega, SPS lead man Dorant Smith, 500 Lincoln project manager Stuart Keane, SPS division manager Stephen Camisa, and DHL regional facilities manager Ken Lee, which collectively demonstrated that neither DHL nor the engineering company, Paragon Engineering (hereinafter Paragon), which DHL had hired to observe and monitor the work performed by SPS, directed, controlled, or supervised SPS's work or had the right or authority to do so. Accordingly, DHL established, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against it on the ground that it is not an owner within the meaning of that statute (*see Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d at 618; *Zaher v Shopwell, Inc.*, 18 AD3d at 340; *Copertino v Ward*, 100 AD2d at 566).

In opposition to that branch of DHL's motion, the plaintiff failed to raise a triable issue of fact. The plaintiff argues that, through Paragon, DHL had the authority to control the work site, and the record contains an email from Paragon to DHL stating that Paragon was "monitoring and providing direction (to the extent possible) of SPS spot repair activities." However, this email demonstrates only that Paragon had general authority to inspect SPS's work and make recommendations about SPS's work activities, and thus fails to raise a triable issue of fact as to whether DHL had authority to control the work site (*see Santos v American Museum of Natural History*, 187 AD2d 420, 421-422 [1992]). Accordingly, the Supreme Court should have granted that branch of DHL's motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against it.

In addition, the Supreme Court should have granted that branch of DHL's motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against it. That cause of action was premised, inter alia, upon alleged violations of 12 NYCRR 23-1.7 (a) (2) and (b) (1) and 23-5.1 (f) and (h). As DHL correctly contends, subdivision (a) (2) of 12 NYCRR 23-1.7 is not applicable because it does not apply to areas where employees are "required to work" (*see Perillo v Lehigh Constr. Group, Inc.*, 17 AD3d 1136, 1138 [2005]). Further, 12 NYCRR 23-1.7 (b) (1) is not applicable, "as that regulation applies to safety devices for hazardous openings, and not to an elevated hazard" (*Forschner v Jucca Co.*, 63 AD3d 996, 999 [2009]; *see* 12 NYCRR 23-1.7 [b] [1]). Subdivision (h) of 12 NYCRR 23-5.1, which requires that "[e]very scaffold shall be erected and removed under the supervision of a designated person," has no application under the facts of this case, since the scaffold was not being erected or removed at the time of the plaintiff's accident (12 NYCRR 23-5.1 [h]). Additionally, 12 NYCRR 23-5.1 (f) lacks the specificity required to support a cause of action alleging violations of Labor Law § 241 (6) (*see Fisher v WNY Bus Parts, Inc.*, 12 AD3d 1138, 1140 [2004]). Moreover, for the reasons stated above with respect to the cause of action alleging violations of Labor Law § 240 (1), DHL was entitled to summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against it on the ground that it is not an "owner" within the meaning of that statute (*see Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d at 618; *Zaher v Shopwell, Inc.*, 18 AD3d at 340; *Copertino v Ward*, 100 AD2d at 566).

As to Labor Law § 200 and common-law negligence, "Labor

Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2008]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 505). Where, as here, a plaintiff's claim arises out of alleged defects or dangers in the methods or materials of the work, to prevail on a Labor Law § 200 cause of action, the plaintiff must show that the defendant "had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 646 [2010]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62). "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (*Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2010] [internal quotation marks omitted]; *see Cambizaca v New York City Tr. Auth.*, 57 AD3d 701 [2008]).

Here, DHL established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against it through the aforementioned deposition testimony, which demonstrated that it did not have the authority to supervise or control the manner in which SPS performed its work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d at 646; *Jenkins v Walter Realty, Inc.*, 71 AD3d 954 [2010]; *Enos v Werlatone, Inc.*, 68 AD3d 712 [2009]; *Ortega v Puccia*, 57 AD3d at 62-63).

The plaintiff did not oppose those branches of DHL's motion, and thus, he failed to raise a triable issue of fact with respect to those causes of action insofar as asserted against DHL (*see Pagano v Town of Smithtown*, 74 AD3d 1304, 1305 [2010]). Accordingly, the Supreme Court should have granted those branches of DHL's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against it.

The Supreme Court also should have granted that branch of DHL's motion which was for summary judgment dismissing 500 Lincoln's cross claim for common-law indemnification, as DHL established, prima facie, that it did not exercise actual supervi-

sion or control over the plaintiff's work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378 [2011]; *Arteaga v 231/249 W 39 St. Corp.*, 45 AD3d 320 [2007]), and, in opposition, 500 Lincoln failed to raise a triable issue of fact.

The Supreme Court properly denied that branch of DHL's motion which was for summary judgment on its cross claim for common-law indemnification asserted against 500 Lincoln. Although DHL's liability, if any, is purely vicarious, it failed to make a prima facie showing that 500 Lincoln was either negligent or exercised actual supervision and control over the plaintiff's work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d at 377-378; *Arteaga v 231/249 W 39 St. Corp.*, 45 AD3d at 321; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 685 [2005]; *cf. Morin v Hamlet Golf Dev. Corp.*, 270 AD2d 321 [2000]).

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against 500 Lincoln. To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Martinez v Ashley Apts Co., LLC*, 80 AD3d 734, 735 [2011]). "[W]here a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through his deposition testimony that he fell off the scaffold because a temporary ceiling collapsed, and that he was not provided with an adequate protective device that would have prevented him from falling. In opposition, however, 500 Lincoln raised a triable issue of fact, through the deposition testimony of Smith and Perez, as to whether the plaintiff was provided with an adequate protective device, including a harness that was secured by a lanyard with an appropriate anchor. Additionally, that deposition testimony raised a triable issue of fact as to whether the plaintiff's own actions were the sole proximate cause of the accident because he improperly climbed down the scaffold, rather than using an A-frame ladder secured to the scaffold that workers had been instructed to use to get on and off the scaffold, and, in so doing, loosened a pole shore that secured the temporary ceiling, causing him to fall. Accordingly, the Supreme Court should have

denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1) insofar as asserted against 500 Lincoln (*see Welsch v Maimonides Med. Ctr.*, 80 AD3d 755, 756 [2011]; *Delahaye v Saint Anns School*, 40 AD3d 679, 682 [2007]; *Florio v LLP Realty Corp.*, 38 AD3d 829, 830 [2007]).

The parties' remaining contentions are without merit or do not warrant additional relief. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.