■ MARCOS RAMIREZ, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [965 NYS2d 156]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), entered February 21, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 241 (6) insofar as predicated on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7, 23-1.15, 23-1.16, 23-1.17 and 23-3.3, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff allegedly was injured while working on elevated subway tracks, when a plank on a catwalk on which he was standing broke. The plaintiff fell part of the way through the catwalk to his thigh, catching himself with his arm. Thereafter, he commenced this action to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240 and 241 (6).

In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]), the defendants failed to raise a triable issue of fact. Contrary to their contention, Labor Law § 240 applied to the catwalk at issue, because it was the functional equivalent of scaffolding (*see e.g. Nunez v City of New York*, 69 AD3d 696 [2010]; *Gomez v City of New York*, 63 AD3d 511, 512 [2009]; *De Jara v 44-14 Newtown Rd. Apt. Corp.*, 307 AD2d 948 [2003]; *Jablonski v Everest Constr. & Trade Corp.*, 264 AD2d 381, 382 [1999]; *Struble v John Arborio, Inc.*, 74 AD2d 55, 57 [1980]), and not a mere passageway (*cf. Paul v Ryan Homes*, 5 AD3d 58, 60 [2004]). Further, the defendants failed to raise a triable issue of fact as to whether the injured plaintiff's own conduct was the sole proximate cause of his accident (*see Jara v New York Racing Assn., Inc.*, 85 AD3d 1121, 1123 [2011]; *Durmiaki v International Bus. Machs. Corp.*, 85 AD3d 960, 961 [2011]; *Beharry v Public Stor., Inc.*, 36 AD3d 574 [2007]; *cf. Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 833 [2012]). For the same reasons, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

"To recover under Labor Law § 241 (6), a plaintiff must establish the violation in connection with construction, demolition or excavation, of an Industrial Code provision which sets forth specific, applicable safety standards" (*Wein v Amato Props., LLC*, 30 AD3d 506, 507 [2006]; *see Zastenchik v Knollwood Country Club*, 101 AD3d 861 [2012]). Here, the Supreme Court properly determined that the defendants failed to demonstrate the absence of a factual issue as to whether Industrial Code (12 NYCRR) § 23-5.1 (c) ("Scaffold structure") applied to the facts of this case (*see* 12 NYCRR 23-5.1 [c] [1]; *Treu v Cappelletti*, 71 AD3d 994, 998 [2010]) and, therefore, properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as predicated on that regulation.

Additionally, although the plaintiff alleged a violation of Industrial Code § 23-1.22 (c) (1) for the first time in opposition to the cross motion, this was not fatal to his claim, since no new factual allegations were involved, no new theories of liability were set forth, and no prejudice was caused to the defendants (*see Kelleir v Supreme Indus. Park*, 293 AD2d 513, 514 [2002]). As to that claim, the defendants failed to demonstrate, prima

facie, that the relevant section of the Industrial Code, which pertains, inter alia, to a platform used as a working area, was inapplicable to this action (*see Silvas v Bridgeview Invs., LLC*, 79 AD3d 727 [2010]).

However, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as predicated on alleged violations of Industrial Code §§ 23-1.7, 23-1.15, 23-1.16, 23-1.17 and 23-3.3. The defendants established, prima facie, that those sections of the Industrial Code are not applicable. Specifically, contrary to the plaintiff's contention, Industrial Code § 23-1.7 (b) applies to hazardous openings, not elevated hazards such as the one in this case (*see Allan v DHL Express [USA], Inc.*, 99 AD3d at 831; *Forschner v Jucca Co.*, 63 AD3d 996, 999 [2009]). In addition, Industrial Code § 23-1.15 concerns standards for safety railings (*see* 12 NYCRR 23-1.15). Here, there was no allegation that the railing in this case failed, but, rather, that the planks on the catwalk broke and the plaintiff fell through up to his thigh. Industrial Code § 23-1.16 concerns safety belts, harnesses, tail lines, and lifelines (*see* 12 NYCRR 23-1.16) and, since it is undisputed that the plaintiff was not wearing any of these devices at the time when he fell, and that such devices were offered, there was no violation of this provision. Industrial Code § 23-1.17 concerns life nets (*see* 12 NYCRR 23-1.17). Therefore, since the plaintiff did not fall all of the way through the catwalk but, rather, fell only a few feet, the lack or failure of a life net could not be a proximate cause of his injury. Lastly, Industrial Code § 23-3.3 concerns "Demolition by hand" (12 NYCRR 23-3.3). Here, since the plaintiff was not engaged in demolition, defined as "[t]he work incidental to or associated with the total or partial dismantling or razing of a building or other structure" (Industrial Code § 23-1.4 [b] [16]), this section does not apply.

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). Where, as here, a "premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009]). In opposition to the defendants' prima facie showing that they lacked actual notice of a dangerous condition, the plaintiff's deposition testimony

that he had seen rotten, discolored planks on the catwalk and had reported the condition to the defendants' foreman on three occasions in the two months prior to his accident was sufficient to raise a triable issue of fact as to whether the defendants had actual notice of the dangerous condition. Moreover, photographs of the broken catwalk in the record show cracked, warped, and discolored planks. Thus, the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged defect (*see Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d at 764). Accordingly, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 200 cause of action, regardless of the sufficiency of the opposition papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.