■ KRZYSZTOF KARWOWSKI, Respondent, v GROLIER CLUB OF CITY OF NEW YORK, Appellant. [41 NYS3d 261]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated December 8, 2014, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and as denied those branches of its cross motion which were for summary judgment dismissing that cause of action and so much of the Labor Law § 241 (6) cause of action as was based upon alleged violations of 12 NYCRR 23-1.15, 23-1.16, 23-5.1 (a), (c)-(k); 23-5.3 (e), (g); 23-5.4, 23-5.5, 23-5.6, 23-5.13 (d) and 23-5.18 (a)-(i).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was based upon alleged violations of 12 NYCRR 23-1.15, 23-1.16, 23-5.1 (a), (c)-(k); 23-5.3 (e), (g); 23-5.4, 23-5.5, 23-5.6, 23-5.13 (d) and 23-5.18 (a)-(d), (f), (i), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against the defendant, which was the owner of a worksite where he allegedly sustained personal injuries when he fell off of a scaffold while painting an interior wall. The plaintiff alleged violations of Labor Law §§ 200, 240 (1); 241 (6) and 241-a. He moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendant cross-moved for summary judgment dismissing the complaint in its entirety. The Supreme Court, inter alia, granted the plaintiff's

motion, denied that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and denied that branch of the defendant's cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was based upon violations of certain Industrial Code provisions. The defendant appeals.

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). To establish liability pursuant to Labor Law § 240 (1), a plaintiff must show that the statute was violated, and that the violation was a proximate cause of his or her injuries (*see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-288 [2003]; *Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 833 [2012]). The mere fact that a plaintiff fell from a scaffold " 'does not establish, in and of itself, that proper protection was not provided, and the issue of whether a particular safety device provided proper protection is generally a question of fact for the jury' " (*Carrion v City of New York*, 111 AD3d 872, 873 [2013], quoting *Esteves-Rivas v W2001Z/15CPW Realty, LLC*, 104 AD3d 802, 803 [2013] [internal quotation marks omitted]). Here, the plaintiff's own submissions demonstrated the existence of triable issues of fact as to how the accident occurred and it cannot be concluded, as a matter of law, that the alleged failure to provide him with protection proximately caused his injuries (*see Campos v 68 E. 86th St. Owners Corp.*, 117 AD3d 593, 594 [2014]; *Degen v Uniondale Union Free Sch. Dist.*, 114 AD3d 822, 823 [2014]). Since the plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action, the motion should have been denied, without regard to the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the inconsistencies as to how the accident occurred, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action. The defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing this cause of action on the ground that the plaintiff was the sole proximate cause of the accident (*see Delahaye v Saint Anns School*, 40 AD3d 679, 682 [2007]).

The Supreme Court erred in denying that branch of the de-

fendant's cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was based upon alleged violations of 12 NYCRR 23-1.15, 23-1.16, 23-5.1 (a), (c)-(k); 23-5.3 (e), (g); 23-5.4, 23-5.5, 23-5.6, 23-5.13 (d) and 23-5.18 (a)-(d), (f), (i). The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that 12 NYCRR 23-5.1 (a) and (f) did not set forth safety standards that were sufficiently specific to support a Labor Law § 241 (6) claim (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 607 [2013]) and that 12 NYCRR 23-1.15, 23-1.16, 23-5.1 (c)-(e), (g)-(k); 23-5.3 (e), (g); 23-5.4, 23-5.5, 23-5.6, 23-5.13 (d) and 23-5.18 (a)-(d), (f), (i) were inapplicable to the facts of this case or too general to impose liability (*see Canosa v Holy Name of Mary R.C. Church*, 83 AD3d 635, 637 [2011]; *Mikcova v Alps Mech., Inc.*, 34 AD3d 769, 770 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Forschner v Jucca Co.*, 63 AD3d 996, 999 [2009]). With respect to so much of the Labor Law § 241 (6) cause of action as was based upon alleged violations of 12 NYCRR 23-5.18 (e), (g) and (h), however, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. These provisions, which relate to casters and footing to hold a scaffold in position, and require that scaffolding be moved on floors which are level and free of obstruction, are applicable to this case, and sufficiently specific to premise liability under Labor Law § 241 (6). Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was based upon alleged violations of 12 NYCRR 23-5.18 (e), (g) and (h). Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.