Yao Zong Wu v Zhen Jia Yang (2018 NY Slip Op 03169)





Yao Zong Wu v Zhen Jia Yang


2018 NY Slip Op 03169


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-00138
2016-04156
 (Index No. 11960/13)

[*1]Yao Zong Wu, appellant, 
v
Zhen Jia Yang, et al., respondents.


Wade T. Morris, New York, NY (Michael T. Altman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Duane A. Hart, J.), entered December 16, 2015, and March 30, 2016, respectively. The order entered December 16, 2015, denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The order entered March 30, 2016, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii).
ORDERED that the order entered December 16, 2015, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order entered March 30, 2016, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly sustained injuries when, in the course of performing work at rental property owned by the defendants, he fell off an aluminum A-frame ladder. At his deposition, the plaintiff testified that he ascended the ladder with a caulking gun in his right hand and braced himself on a wall with his left hand. As he applied caulking to the ceiling, he felt the ladder shake; then the ladder leaned and he fell to his right, causing him to fall to the ground. The plaintiff testified that he did not know what caused the ladder to shake and lean. Further, the plaintiff testified that he had used this ladder in the past, and had noticed nothing defective or broken about the ladder.
The plaintiff commenced this action against the defendants, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The plaintiff thereafter moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. In the first order appealed from, entered December 16, 2015, the Supreme Court denied the plaintiff's motion. The [*2]defendants moved for summary judgment dismissing the complaint. In the second order appealed from, entered March 30, 2016, the court granted the defendants' motion. The plaintiff appeals from the first order in its entirety, and from the second order insofar as it granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii). We affirm the first order and modify the second order.
"Under Labor Law § 240(1), owners and general contractors, and their agents, have a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (King v Villette, 155 AD3d 619, 621; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Allan v DHL Express [USA], Inc., 99 AD3d 828, 833; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287). The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided, and whether a particular safety device provided proper protection is generally a question of fact for a jury (see Karwowski v Grolier Club of City of N.Y., 144 AD3d 865, 866; Carrion v City of New York, 111 AD3d 872, 873). Here, the plaintiff's own submissions demonstrated that there are triable issues of fact as to how this accident occurred and it cannot be concluded, as a matter of law, that the alleged failure to provide the plaintiff with proper protection proximately caused his injuries (see Karwowski v Grolier Club of City of N.Y., 144 AD3d at 866; Delahaye v Saint Anns School, 40 AD3d 679, 692-683). Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
In light of the inconsistencies as to how this accident occurred, we disagree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action. On this record, the defendants failed to demonstrate as a matter of law that the ladder provided proper protection, or that the plaintiff was the sole proximate cause of his injuries (see Karwowski v Grolier Club of City of N.Y., 144 AD3d at 866).
However, we affirm that portion of the order entered March 30, 2016, which granted dismissal of so much of the Labor Law § 241(6) cause of action as was predicated on a violation of Industrial Code (22 NYCRR) § 23-1.21(b)(4)(ii), albeit for a reason different from that articulated by the Supreme Court. The defendants established as a matter of law that the alleged violation was not a proximate cause of the plaintiff's accident (see Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 800-801; Rosado v Briarwoods Farm, Inc., 19 AD3d 396, 398). In opposition, the plaintiff failed to raise a triable issue of fact that a violation of Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii) was a proximate cause of his injuries (see Melendez v 778 Park Avenue Bldg. Corp., 153 AD3d 700, 702; Arigo v Spencer, 39 AD3d 1143, 1145).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court