Reyes v Bruckner Plaza Shopping Ctr. LLC (2019 NY Slip Op 05003)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Reyes v Bruckner Plaza Shopping Ctr. LLC

2019 NY Slip Op 05003

Decided on June 20, 2019

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2019
Friedman, J.P., Richter, Kahn, Singh, JJ.


9674 302773/15

[*1]Amilcar Reyes, Plaintiff-Appellant,
vBruckner Plaza Shopping Center LLC, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for Bruckner Plaza Shopping Center LLC, and Ashkenazy Acquisition Corp., respondents.
Russo & Toner, LLP, New York (Josh H. Kardisch of counsel), for Metro Mechanical LLC, respondent.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn (Melanie Wiener of counsel), for Western Beef Retail, Inc., respondent.

Order, Supreme Court, Bronx County (Donna Mills, J.), entered on or about April 13, 2018, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously modified, on the law, to grant plaintiff's motion as against defendants Bruckner Plaza Shopping Center LLC (Bruckner) and Metro Mechanical, LLC (Metro), and, upon a search of the record, to grant defendant Ashkenazy Acquisition Corp.'s cross motion to dismiss the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Ashkenazy.
Plaintiff fell off the roof of a building while installing metallic roof edging called "gravel stops." Defendant Bruckner owned the property, and defendant Ashkenazy was the managing agent of the property. Defendant Western Beef Retail, Inc. (Western) leased the property from Bruckner, and had retained defendant Metro as the general contractor to renovate it for operation as a supermarket. Metro subcontracted plaintiff's employer, Mar-Sal Contracting Inc. (Mar-Sal), to replace the roof.
Plaintiff established prima facie violation of Labor Law § 240(1) through his testimony and the affidavit and testimony of his co-worker Alfonso Perez, establishing that no safety devices were provided for their use at the job site (see e.g. De Oleo v Charis Christian Ministries, Inc., 106 AD3d 521, 521-522 [1st Dept 2013]). In response, defendants failed to raise an issue of fact as to whether plaintiff, by recalcitrantly refusing to use safety equipment that had been provided to him, was the sole cause of the accident (see generally Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35 [2004]). Accordingly, plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim should have been granted as against Bruckner and Metro.
We reject defendants' request to preclude Perez's affidavit and testimony on the ground that plaintiff did not disclose Perez's identity until after the filing of note of issue (see CPLR 3126), in light of the parties stipulation, pursuant to which defendants were ultimately able to depose Perez before disposition of the summary judgment motions, and the lack of prejudice to them (see Lozada v Build On Top, HDFC, 266 AD2d 63 [1st Dept 1999]).
An issue of fact exists as to whether Western, the lessee, was an "owner" or "agent" of the owner, for Labor Law purposes. Record evidence showing that Western was responsible for renovating the premises, including the roof, and had retained Metro as the general contractor for [*2]the renovation work, raises an issue of fact as to whether Western had the authority to supervise and control the work site (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]; Zaher v Shopwell, Inc., 18 AD3d 339, 339-340 [1st Dept 2005]; Bart v Universal Pictures, 277 AD2d 4, 5 [1st Dept 2000]). The testimony of Western's director of merchandising that he was not involved with the construction work is insufficient to excuse Western from liability, where he had no knowledge of, and could not testify to, the lease arrangements between Western and Bruckner, as well as the arrangement between Western and Metro (see Zaher, 18 AD3d at 340).
However, a search of the record establishes as a matter of law that managing agent Ashkenazy was not an "agent" of the owner, and we grant its cross motion for summary judgment dismissing the complaint as against it. Ashkenazy had no interest in the property, and its responsibilities as the managing agent entailed only the "upkeep of the shopping center, making sure the tenants get billed, and rents are collected." It was property owner Bruckner that leased the premises to Western, which in turn contracted directly with Metro to perform the renovation work. Ashkenazy had no involvement with the construction work, and was onsite only to check on its progress, and to ensure it did not interfere with the other tenants. The belief of its "Director of Property Management" that he may have been able to stop work at the job site "[w]ith proper notice I guess as per the lease" is too equivocal to raise an issue of fact. Because there was no evidence that Ashkenazy had authority to supervise or control the work site, the Labor Law § 240(1) claim should be dismissed against it (see Russin, 54 NY2d at 317; cf. Voultepsis v Gumley-Haft-Klierer, Inc., 60 AD3d 524 [1st Dept 2009]; Fox v Brozman-Archer Realty Servs., 266 AD2d 97 [1st Dept 1999]). Ashkenazy is also entitled to dismissal of the Labor Law § 241(6) claim because, for the same reasons, it is not an "owner" or "agent" under that statute (see Santos v Condo 124 LLC, 161 AD3d 650, 653-654 [1st Dept 2018]). Without authority to supervise or control plaintiff's work, Ashkenazy also may not be held liable under Labor Law § 200 and common law negligence principles in this case involving the means and method of plaintiff's work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 20, 2019
CLERK