| **Siguencia v City of New York** |
| --- |
| 2024 NY Slip Op 32822(U) |
| August 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161392/2018 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**

*Justice*

------------------------------------------------------------------------------X

FRANKLIN SIGUENCIA,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF EDUCATION, THE NEW YORK CITY
SCHOOL CONSTRUCTION AUTHORITY

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 57M |
| INDEX NO. | 161392/2018 |
| MOTION DATE | 04/09/2024, 05/15/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 79, 80, 81, 82, 84, 85, 86, 87

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 83, 88, 89, 90, 91, 92, 93, 94

were read on this motion to/for                          PARTIAL SUMMARY JUDGMENT                          .

## BACKGROUND

Plaintiff commenced this labor law action seeking summary judgment for injuries he sustained while working as a laborer on a construction project for a New York City public school.  Both parties have move for summary judgment.  The motions are consolidated herein and granted to the extent set forth below.

## ALLEGED FACTS

On April 23, 2018, plaintiff was working at the PS 333 construction project in Manhattan, as a laborer for Hilt Construction, Inc. ("Hilt"). Plaintiff was not employed by defendants at the time of his alleged accident. The weather conditions that day were sunny and there was no rain or snow.

**161392/2018   SIGUENCIA, FRANKLIN vs. CITY OF NEW YORK**
**Motion No.  002 003 003**

**Page 1 of 4**

[* 1]

Plaintiff received instructions from the general foreman, "Mohammed", his supervisor also named Mohammed, and another supervisor, "Alfredo". All three of these gentlemen were employed by Hilt and provided plaintiff with his job duties as a laborer.

On the date of the alleged incident, plaintiff was instructed by his general foreman, Mohammed, to help one of the bricklayers. The bricklayer instructed plaintiff to take the planks from the ground level and move them to the scaffold platform on the fourth level.

The planks were located in the back of the school, on ground level, about ten to fifteen feet away from where plaintiff stood talking with the bricklayer. The planks were made of aluminum and were about six to eight feet in length, about one and a half feet wide, and about two inches thick.

Defendants allege, and plaintiff originally testified that plaintiff was never given specific instructions as to the manner by which to transport the planks onto the scaffolds. Plaintiff amended his deposition testimony to allege that a Bricklayer told him to carry the planks up the stairs. Plaintiff acknowledges a pulley/hoist was available for use and would have been the more appropriate manner in which to move the planks, but alleges it was on the other side of the school, and he followed the instructions of the bricklayer. The identity of the bricklayer was never established.

Plaintiff also acknowledges he has testified to different versions of how the accident occurred. However, essentially as plaintiff was carrying the first plank up the scaffold/stairs, other workers were coming down. Exactly how he fell is subject to different versions including which hand was holding the plank and the railing and whether he lost his balance.

**161392/2018  SIGUENCIA, FRANKLIN vs. CITY OF NEW YORK**
**Motion No.  002 003 003**

## DISCUSSION

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

### Plaintiff's Labor Law §§ 241(6), 200 Claims, Negligence Claims and OSHA Claims Are Dismissed

Plaintiff did not submit opposition to that part of defendant's summary judgment motion seeking dismissal of plaintiff's Labor Law §§ 241(6) and 200 claims, common law negligence claims, and OSHA claims. These claims are therefore dismissed as abandoned. *See Kuehne & Nagel v. Baiden*, 36 N.Y.2d 539, 544 (1975); *Madeline D'Anthony Enters., Inc v. Sokolowsky*, 101 A.D.3d 606 (1st Dep't 2012); *Arteaga v. 231/249 W39 Street Corp.*, 45 A.D.3d 320, 321 (1st Dep't 2007).

### The 240(1) Claim is Not Subject to Summary Judgment

The Court finds that questions of fact remain to be resolved at trial on the 240(1) claim. These include, but are not limited to, exactly how the accident happened, and whether or not

**161392/2018   SIGUENCIA, FRANKLIN vs. CITY OF NEW YORK**
**Motion No.  002 003 003**

[* 3]

plaintiff was directed to carry the plank up the stairs instead of using the hoist, or whether he had decided to do so on his own.

WHEREFORE it is hereby:

ORDERED that Defendant's motion for summary judgment is granted to the extent of dismissing the causes of action predicated on Labor Law §§ 241(6) and 200, common law negligence claims, and OSHA claims, and is otherwise denied; and it is further

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that, within 20 days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

ORDERED that the counsel appear for a pre-trial conference on September 19, 2024, at 11:00 am where the Court will set a trial date for this action.

This constitutes the decision and order of the Court.

20240812142824SBKRAUSA1D9BBD5E7D549CD826EA8C7BC995885

| __8/12/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **SABRINA KRAUS, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161392/2018   SIGUENCIA, FRANKLIN vs. CITY OF NEW YORK**
**Motion No.  002 003 003**

Page 4 of 4

[* 4]