■ MIGUEL CORONA, Respondent, v METROPOLITAN 298-308 ASSOCIATES, INC., et al., Defendants, and MINNOW ASSOCIATES et al., Appellants. (And a Third-Party Action.) [722 NYS2d 51] —In an action to recover damages for personal injuries, the defendants Minnow Associates, Daniel Miller, Judy Miller, and Gerald Miller appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 13, 1999, as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability based upon Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he fell off the roof of a four-story building during the course of his employment with the third-party defendant S & H Construction. The defendant Metropolitan 298-308 Associates, Inc. (hereinafter Metro), is the owner of the building. The defendant Minnow Associates is the managing agent for Metro, and the defendants Daniel Miller, Judy Miller, and Gerald Miller (hereinafter the appellants), are all partners in Minnow. The plaintiff moved for summary judgment against Metro and the appellants on the issue of liability under Labor Law § 240 (1). The appellants contend that they cannot be held liable as agents of the owner as there are questions of fact as to whether they exercised control over the plaintiff's activity. We disagree.

The "key criterion in ascertaining Labor Law 240 (1) liability is not whether the party charged with the violation actually exercised control over the work, but rather whether he or she had the *right* to do so" (*Kelly v LeMoyne Coll.,* 199 AD2d 942, 943). The record clearly indicates that the appellants had the right to control the plaintiff's work. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the Labor Law § 240 (1) claim insofar as asserted against the appellants. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.