10 N.Y.3d 902 (2008)
891 N.E.2d 723
861 N.Y.S.2d 607
FREDERICK BERG, Appellant,
v.
ALBANY LADDER COMPANY, INC., Defendant, and MARKAN ASSOCIATES, LLC, et al., Respondents.
CAPITAL FRAMING AND CONSTRUCTION CORPORATION, Third-Party Plaintiff-Respondent;
STONE BRIDGE IRON & STEEL et al., Third-Party Defendants-Respondents.
Court of Appeals of the State of New York.
Argued May 1, 2008.
Decided June 12, 2008.
*903 Capasso & Massaroni LLP, Schenectady (John R. Seebold of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Brendan T. Fitzpatrick of counsel), for respondents and third-party plaintiff-respondent.
Hanlon, Veloce & Wilkinson, Albany (Christine D'Addio Hanlon of counsel), for Stone Bridge Iron & Steel, third-party defendant-respondent.
Law Offices of Epstein & Donnelly, Latham (Jeffrey T. Culkin of counsel), for Fast Trek Steel, Inc., third-party defendant-respondent.
Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Judge CIPARICK taking no part.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
In October 2000, plaintiff Frederick Berg was working on a flatbed truck unloading steel trusses with the assistance of a forklift operated by a coworker. While plaintiff was standing atop several bundles of trusses about 10 feet off the ground, another bundle became unstable and began to roll over on top of him. Rather than being crushed by the trusses, plaintiff climbed into the bundle as it toppled to the ground and he suffered physical injuries. Among other causes of action, plaintiff alleged a "falling worker" claim under Labor Law § 240 (1). Supreme *904 Court granted defendants' motion for summary judgment dismissing the complaint and the Appellate Division affirmed.
As we have made clear, the protections of Labor Law § 240 (1) do not apply to every worker who falls and is injured at a construction site (see e.g. Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). Among other prerequisites, a worker must demonstrate the existence of an elevation-related hazard contemplated by the statute and a failure to provide the worker with an adequate safety device (see Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]; Narducci, 96 NY2d at 267; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). Although plaintiff asserts that the height at which he worked created an elevation-related risk (cf. Toefer v Long Is. R.R., 4 NY3d 399, 408-409 [2005]), he failed to adduce proof sufficient to create a question of fact regarding whether his fall resulted from the lack of a safety device. Consequently, the courts below correctly granted summary judgment dismissing the Labor Law § 240 (1) cause of action.
Order affirmed, with costs, in a memorandum.