(July 23, 2014)

■ MEIR ADIKA, Respondent, v BETH GAVRIEL BUKHARIAN CONGREGATION, Appellant, et al., Defendant. [989 NYS2d 375]—

In an action to recover damages for personal injuries, the defendant Beth Gavriel Bukharian Congregation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered June 14, 2013, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it and granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Beth Gavriel Bukharian Congregation for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it is granted, and the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action allegation a violation of Labor Law § 240 (1) is denied.

The defendant Beth Gavriel Bukharian Congregation (hereinafter the appellant) hired the plaintiff to paint decorative images on large wooden panels, and to install these panels on the walls of a yeshiva belonging to the appellant. The plaintiff was installing one of the painted wooden panels at the yeshiva when he allegedly fell off a ladder and sustained injuries. The plaintiff subsequently commenced this action against the appellant, among others.

The Supreme Court should have granted the appellant's motion for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and should have denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action al-

leging a violation of Labor Law § 240 (1). The appellant made a prima facie showing that the plaintiff was not engaged in an activity protected under Labor Law § 240 (1) (*see Schroeder v Kalenak Painting & Paperhanging, Inc.*, 7 NY3d 797, 798 [2006]; *Munoz v DJZ Realty, LLC*, 5 NY3d 747, 748 [2005]; *Jock v Fien*, 80 NY2d 965, 967 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.