■ TANIA SANTIAGO, Respondent, v ROBERT E. JOYCE, JR., Appellant. [7 NYS3d 403]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 30, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (*see Green v Quincy Amusements, Inc.*, 108 AD3d 591, 592 [2013]; *Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]).

Here, in support of her motion for summary judgment on the issue of liability the plaintiff submitted, inter alia, a statement from the defendant driver which revealed a triable issue of fact as to whether the defendant driver was at fault in the happening of the accident (*see Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675 [2014]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876 [2007]). As the plaintiff failed to meet her initial burden as the movant, it is not necessary to review the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.