■ EDDIE GOODWIN, Appellant, v DIX HILLS JEWISH CENTER, Respondent. [41 NYS3d 104]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered May 30, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied his motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying that branch of the defendant's motion, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the plaintiff's mo-

tion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell from a ladder on the defendant's premises. In the complaint, he asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

According to the plaintiff's deposition testimony, on January 30, 2007, the plaintiff, a finisher employed by nonparty Jerry Percoco, was on the fourth day of a job restoring and installing wood paneling in a temple owned by the defendant. The plaintiff's work included installing wood paneling and molding over sheetrock and metal doors. Prior to commencing their work, the plaintiff and his coworkers removed two audio speakers from the wall. As the plaintiff and his coworkers were nearing completion of the work, a rabbi employed by the defendant asked the plaintiff to rehang the two speakers. After consulting with his coworker, Tyrone Faison, the "head finisher," the plaintiff agreed to rehang the speakers, which required drilling holes and installing brackets in an elevated position in the room. The plaintiff retrieved and used an eight-foot A-frame ladder to hang the first speaker without incident. The plaintiff was in the process of installing the second speaker, standing on the third or fourth rung from the bottom of the ladder, when the ladder suddenly "started swinging," causing the plaintiff to fall and sustain injuries.

The defendant moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court granted the defendant's motion and denied the plaintiff's motion. The plaintiff appeals.

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and in denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action. The plaintiff met his burden in moving for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), with evidence demonstrating, prima facie, that he was engaged in the "altering" of a building at the time of his accident such that he was entitled to the protections of Labor Law § 240 (1). "To successfully assert a cause of action under Labor Law § 240 (1), a plaintiff must establish that he or she was injured during 'the erection, demolition, repairing, alter-

ing, painting, cleaning or pointing of a building or structure' " (*Enos v Werlatone, Inc.*, 68 AD3d 713, 714 [2009], quoting Labor Law § 240 [1]; *see Moreira v Ponzo*, 131 AD3d 1025, 1026 [2015]). The purpose of Labor Law § 240 (1) is the protection of workers from injury, and the statute " 'is to be construed as liberally as may be for the accomplishment of [that] purpose' " (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985], quoting *Quigley v Thatcher*, 207 NY 66, 68 [1912] [internal quotation marks omitted]). " '[A]ltering' within the meaning of Labor Law § 240 (1) requires making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see Saint v Syracuse Supply Co.*, 25 NY3d 117 [2015]; *Belding v Verizon N.Y., Inc.*, 14 NY3d 751 [2010]). By contrast, "routine maintenance and decorative modifications" do not constitute the "altering" of a building or structure (*Joblon v Solow*, 91 NY2d at 465, citing *Smith v Shell Oil Co.*, 85 NY2d 1000 [1995], and *Brown v Christopher St. Owners Corp.*, 87 NY2d 938 [1996]; *see Hatfield v Bridgedale, LLC*, 28 AD3d 608, 609 [2006]). Here, the plaintiff was engaged in the alteration of a building, as the installation of wood paneling, which changed the dimension, thickness, and composition of the sheetrock walls and steel doors, constituted a significant physical change to the configuration or composition of the building (*see Saint v Syracuse Supply Co.*, 25 NY3d 117 [2015]; *Belding v Verizon N.Y., Inc.*, 14 NY3d at 752; *cf. Adika v Beth Gavriel Bukharian Congregation*, 119 AD3d 827 [2014]).

Although the defendant contends that the act of rehanging a speaker does not constitute the "altering" of a building or structure, "[t]he intent of [Labor Law § 240 (1)] was to protect workers employed in the enumerated acts, *even while performing duties ancillary to those acts*" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003] [emphasis added]). The plaintiff was injured while rehanging a speaker that he and his coworkers had removed to enable them to install the wood paneling and, therefore, we conclude that the plaintiff was injured while performing work that was "ancillary to" a covered activity, entitling him to the protections afforded by Labor Law § 240 (1) (*see Lijo v City of New York*, 31 AD3d 503, 503-504 [2006]; *see also Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d at 882). "To myopically focus on a job title or the plaintiff's activities at the moment of the injury would be to ignore the totality of the circumstances in which the plaintiff and his employer were engaged in contravention of the spirit of the statute which requires a liberal construction in order to accomplish its purpose of protecting workers" (*Aguilar v Henry Mar. Serv.*,

*Inc.*, 12 AD3d 542, 544 [2004] [citation and internal quotation marks omitted]).

Further, the plaintiff established, prima facie, the existence of a violation of Labor Law § 240 (1) that was a substantial factor in causing his injuries (*see Zuckerman v City of New York*, 49 NY2d at 562). "A fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1). There must be evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries" (*Melchor v Singh*, 90 AD3d 866, 868 [2011] [citation omitted]; *see Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 461 [2008]). Here, the plaintiff's proof established that the ladder from which he fell was inadequately secured to provide him with proper protection, and that the failure to secure the ladder was a proximate cause of his injuries (*see Assevero v Hamilton & Church Props., LLC*, 131 AD3d 553, 557 [2015]; *Grant v City of New York*, 109 AD3d 961, 962 [2013]).

In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). The defendant's contention that the plaintiff was the sole proximate cause of the accident because he failed to keep his center of gravity within the confines of the ladder is without merit (*see Doto v Astoria Energy II, LLC*, 129 AD3d 660, 662 [2015]; *Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653 [2014]; *see also Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *cf. Bascombe v West 44th St. Hotel, LLC*, 124 AD3d 812, 813 [2015]; *Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 833 [2012]).

For the same reasons, that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) should have been denied (*see Zuckerman v City of New York*, 49 NY2d at 562).

However, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action alleging a violation of Labor Law § 241 (6), and properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action. Although the plaintiff was entitled to the protections of Labor Law § 241 (6) because he was working in an area where "construction work" was being performed (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *see also* Labor Law § 241 [6]; 12 NYCRR 23-1.4 [b] [13]), the defendant established,

prima facie, that it did not violate any section of the New York State Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]), and the plaintiff failed to raise a triable issue of fact in opposition thereto (*see Zuckerman v City of New York*, 49 NY2d at 562).

Further, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2008]). "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.* at 61). Here, the defendant established, prima facie, that it did not have the authority to supervise or control the performance of the plaintiff's work (*see id.* at 62; *see also Allan v DHL Express [USA], Inc.*, 99 AD3d at 832; *McFadden v Lee*, 62 AD3d 966, 967 [2009]), and, in opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.