■ FRANKLIN G.S. ALVAREZ et al., Respondents, v VINGSAN LIMITED PARTNERSHIP et al., Defendants, and JP MORGAN CHASE BANK, N.A., Appellant. (And a Third-Party Action.) [57 NYS3d 160]—

Appeal by the defendant JP Morgan Chase Bank, N.A., from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated November 16, 2015. The order, insofar as appealed from, upon reargument, and upon vacating so much of a prior determination in an order entered January 8, 2015, as denied, for failure to annex a copy of the pleadings, the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and that branch of the cross motion of the defendant JP Morgan Chase Bank, N.A., which was for summary judgment dismissing that cause of action, thereupon granted the plaintiffs' cross motion and denied, on the merits, that branch of the cross motion of the defendant JP Morgan Chase Bank, N.A.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Franklin G.S. Alvarez allegedly was injured when he fell from a ladder while installing sheetrock at premises owned by the defendant Vingsan Limited Partnership (hereinafter Vingsan) and leased by the defendant JP Morgan Chase Bank, N.A. (hereinafter JP Morgan). JP Morgan had

retained Alvarez's employer, the third-party defendant Target Contracting, LLC (hereinafter Target), to perform the work. Following the accident, Alvarez, and his wife suing derivatively, commenced this action against, among others, Vingsan and JP Morgan, alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), common-law negligence, and loss of consortium. At his deposition, Alvarez testified that he set up an A-frame ladder, which belonged to Target, in the area where he was to perform his work. He further testified that he inspected the ladder, that the ladder was in fine condition, and that there was nothing on the floor underneath the ladder. Alvarez testified that as he was climbing the ladder while holding the sheetrock with both hands, the ladder shifted, causing the sheetrock and him to fall.

Vingsan moved for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claim against JP Morgan for contractual indemnification. The plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). JP Morgan cross-moved for summary judgment dismissing the complaint insofar as asserted against it. By order entered January 8, 2015, the Supreme Court denied the cross motions of both the plaintiffs and JP Morgan on the ground that they each failed to annex a copy of the pleadings to their respective motion papers. The court also denied those branches of Vingsan's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), 241 (6), and common-law negligence insofar as asserted against it on the ground that the affidavit supporting Vingsan's motion did not contain a jurat. The plaintiffs, Vingsan, and JP Morgan all moved for leave to reargue.

By order dated November 16, 2015, the Supreme Court, inter alia, acknowledged that it had erred in denying the cross motions by the plaintiffs and JP Morgan on the ground that they each failed to annex a copy of the pleadings to their respective motion papers and in denying those branches of Vingsan's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), 241 (6), and common-law negligence insofar as asserted against it on the ground that the affidavit supporting Vingsan's motion did not contain a jurat. Thus, the court granted the motions for leave to reargue and, upon reargument, vacated the order entered January 8, 2015, and thereupon, inter alia, insofar as relevant to this appeal, granted the plaintiffs' prior cross mo-

tion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied, on the merits, that branch of JP Morgan's prior cross motion which was for summary judgment dismissing that cause of action. JP Morgan appeals from so much of the order as, upon reargument, and upon vacating the aforementioned portions of the order entered January 8, 2015, thereupon granted the plaintiffs' prior cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and denied, on the merits, that branch of JP Morgan's prior cross motion which was for summary judgment dismissing that cause of action.

Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *Esteves-Rivas v W2001Z/15CPW Realty, LLC*, 104 AD3d 802, 803 [2013]). "To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 833 [2012]; *see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Lopez-Dones v 601 W. Assoc., LLC*, 98 AD3d 476 [2012]).

Here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). According to Alvarez's deposition testimony, he was standing on an unsecured A-frame ladder when the ladder shifted for no apparent reason, causing him to fall (*see Goodwin v Dix Hills Jewish Ctr.*, 144 AD3d 744, 747 [2016]; *Baugh v New York City Sch. Constr. Auth.*, 140 AD3d 1104, 1106 [2016]; *Ramirez v I.G.C. Wall Sys., Inc.*, 140 AD3d 1047, 1049 [2016]). In opposition, JP Morgan failed to raise a triable issue of fact as to whether Alvarez's own actions were the sole proximate cause of the accident (*see Goodwin v Dix Hills Jewish Ctr.*, 144 AD3d at 747; *Baugh v New York City Sch. Constr. Auth.*, 140 AD3d at 1106; *Casasola v State of New York*, 129 AD3d 758, 759-760 [2015]).

Accordingly, upon reargument, the Supreme Court properly granted the plaintiffs' prior cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). For the same reasons, the court, upon reargument, properly denied, on the merits, that branch of JP Morgan's prior cross motion which was for sum-

mary judgment dismissing the Labor Law § 240 (1) cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.