Cabrera v Arrow Steel Window Corp. (2018 NY Slip Op 05275)





Cabrera v Arrow Steel Window Corp.


2018 NY Slip Op 05275


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-01702
 (Index No. 32505/09)

[*1]Luis Cabrera, et al., respondents, 
v
Arrow Steel Window Corp., appellant (and a third-party action).


Gordon Rees Scully Mansukhani, LLP, New York, NY (Robert Modica and Jennifer R. Budoff of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated November 10, 2015. The order, insofar as appealed from, granted the motion of the plaintiff Luis Cabrera for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240(1) and denied that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 10, 2009, while employed by nonparty E & A Environmental (hereinafter E & A), the plaintiff Luis Cabrera (hereinafter Cabrera) was injured when he fell from a ladder. At the time of the accident, Cabrera was performing asbestos abatement work at a high school in the Roslyn School District (hereinafter the School District). The work being done by Cabrera was part of a larger project initiated by the School District to replace various windows and doors in the high school (hereinafter the project). The School District contracted with the defendant, Arrow Steel Window Corp. (hereinafter Arrow Steel) to replace the windows and doors and to perform the asbestos abatement and masonry restoration work for the project. Arrow Steel subcontracted with Cabrera's employer, E & A, to perform the asbestos abatement work.
Cabrera, and his wife suing derivatively, commenced this action against Arrow Steel, [*2]alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Cabrera moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240(1), and Arrow Steel cross-moved for summary judgment dismissing the complaint. As relevant to this appeal, the Supreme Court granted Cabrera's motion and denied that branch of Arrow Steel's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240(1).
We agree with the Supreme Court's determination to grant Cabrera's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240(1). Labor Law § 240(1) applies to "contractors and owners and their agents" (Labor Law § 240[1]). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Linkowski v City of New York, 33 AD3d 971, 974-975; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318; Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946; Williams v Dover Home Improvement, 276 AD2d 626). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Linkowski v City of New York, 33 AD3d at 974-975; see Delahaye v Saint Anns School, 40 AD3d 679, 683; Damiani v Federated Dept. Stores, Inc., 23 AD3d 329, 332). The determinative factor is whether the defendant had "the right to exercise control over the work, not whether it actually exercised that right" (Williams v Dover Home Improvement, 276 AD2d at 626; see Johnsen v City of New York, 149 AD3d 822; Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d at 946; Corona v Metropolitan 298-308 Assoc., 281 AD2d 447, 448; Parsolano v County of Nassau, 93 AD2d 815, 817). Here, Arrow Steel had the authority to enforce safety standards and choose the subcontractor who did the asbestos work. Additionally, Arrow Steel directly entered into a contract with E & A, and had the authority to exercise control over the work, even if it did not actually do so (see Williams v Dover Home Improvement, 276 AD2d 626). Accordingly, we agree with the Supreme Court's conclusion that Arrow Steel was subject to liability under Labor Law § 240(1).
Furthermore, Cabrera made a prima facie showing of entitlement to judgment as a matter of law through his deposition testimony, which demonstrated that the ladder on which he was working moved for no apparent reason, causing him to fall (see Alvarez v Vingsan L.P., 150 AD3d 1177, 1179; Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 747; Ocana v Quasar Realty Partners, L.P., 137 AD3d 566, 567; LaGiudice v Sleepy's Inc., 67 AD3d 969, 971). In opposition, Arrow Steel failed to raise a triable issue of fact (see Pacheco v Halsted Communications, Ltd., 144 AD3d 768, 769; Goodwin v Dix Hills Jewish Ctr., 144 AD3d at 747; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d 624, 625; cf. Scofield v Avante Contr. Corp., 135 AD3d 929, 931). Therefore, we agree with the Supreme Court's determination granting Cabrera's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240(1).
For the foregoing reasons, we also agree with the Supreme Court's determination to deny that branch of Arrow Steel's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240(1).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court