Vicuna v Vista Woods, LLC (2019 NY Slip Op 00635)





Vicuna v Vista Woods, LLC


2019 NY Slip Op 00635


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-02922
 (Index No. 1649/15)

[*1]Cristian Vicuna, respondent,
v
Vista Woods, LLC, et al., appellants. (and a third-party action)


The Chartwell Law Offices, LLP, White Plains, NY (Carmen A. Nicolaou of counsel), for appellants Vista Woods, LLC, and Ruby Construction Services, LLC.
Kenney Shelton Liptak Nowak, LLP, White Plains, NY (Lori B. Lewis of counsel), for appellant Builders Choice of New York, Inc.
Finkelstein & Partners, LLP, Newburgh, NY (George M. Levy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Vista Woods, LLC, and Ruby Construction Services, LLC, appeal, and the defendant Builders Choice of New York, Inc., separately appeals, from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated January 8, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On October 22, 2013, while employed by third-party defendant Vicuna Construction, Inc. (hereinafter Vicuna Construction), the plaintiff allegedly was injured when he fell from a ladder. At the time of the accident, the plaintiff was performing roofing work on a newly-constructed house owned by the defendant Vista Woods, LLC (hereinafter Vista Woods). Vista Woods contracted with the defendant Ruby Construction Services, LLC (hereinafter Ruby Construction), to be the general contractor for the project, which subcontracted with the defendant Builder's Choice of New York, Inc. (hereinafter Builders Choice), to perform the roofing work, which in turn subcontracted the roofing work to Vicuna Construction.
The plaintiff commenced this action against Vista Woods, Ruby Construction, and Builders Choice, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The Supreme Court granted the plaintiff's motion.
Labor Law § 240(1) imposes upon owners and general contractors, and their agents, [*2]a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; Alvarez v Vingsan L.P., 150 AD3d 1177, 1179; Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 803). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Allan v DHL Express [USA], Inc., 99 AD3d 828, 833; see Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904; Alvarez v Vingsan L.P., 150 AD3d at 1179; Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476).
We agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff made a prima facie showing of entitlement to judgment as a matter of law through his deposition testimony, demonstrating that the ladder on which he was working shifted for no apparent reason, causing him to fall (see Cabrera v Arrow Steel Window Corp., 163 AD3d 758; Alvarez v Vingsan L.P., 150 AD3d at 1179; see Alvarez v Vingsan L.P., 150 AD3d at 1179; Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 747; Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104, 1105; Ocana v Quasar Realty Partners, L.P., 137 AD3d 566, 567). In opposition, the defendants failed to raise a triable issue of fact (see Cabrera v Arrow Steel Window Corp., 163 AD3d at 759-760; Alvarez v Vingsan L.P., 150 AD3d 1177, 1179; Pacheco v Halsted Communications, Ltd., 144 AD3d 768, 769; Goodwin v Dix Hills Jewish Ctr., 144 AD3d at 747; Ricciardi v Bernard Janowitz Constr. Corp., 49 AD3d 624, 625; cf. Scofield v Avante Contr. Corp., 135 AD3d 929, 931).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court