Lopez v Classic Day Care Corp. (2025 NY Slip Op 02338)

Lopez v Classic Day Care Corp.

2025 NY Slip Op 02338

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-09164
 (Index No. 524628/18)

[*1]Esteban Mora Lopez, appellant,
v
Classic Day Care Corp., defendant, Jevgenija Lobica, respondent.

Elefterakis, Elefterakis & Panek, New York, NY (Harris J. Zakarin of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa M. Rolle and Justyn Verzillo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated August 9, 2023. The order, insofar as appealed from, denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Jevgenija Lobica.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while working on a construction project located at premises owned by the defendant Jevgenija Lobica (hereinafter the defendant). The plaintiff commenced this action against the defendant, among others, asserting, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. In an order dated August 9, 2023, the Supreme Court, among other things, denied the plaintiff's cross-motion. The plaintiff appeals. We affirm, albeit on different grounds from those relied upon by the Supreme Court.
"To successfully assert a cause of action under Labor Law § 240(1), a plaintiff must establish that he or she was injured during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 745-746 [internal quotation marks omitted], quoting Enos v Werlatone, Inc., 68 AD3d 713, 714; see Labor Law § 240[1]). "'[A]ltering' within the meaning of Labor Law § 240(1) requires making a significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d 457, 465 [emphasis omitted]). "By contrast, 'routine maintenance and decorative modifications' do not constitute the 'altering' of a building or structure" (Goodwin v Dix Hills Jewish Ctr., 144 AD3d at 746, quoting Joblon v Solow, 91 NY2d at 465). "Owners of a one- or two-family dwelling are exempt from liability under Labor Law § [ ] 240 . . . unless they directed or controlled the work being performed" (Ramirez v Begum, 35 AD3d 578, 578).
Here, the plaintiff established, prima facie, through his submission of the deed to the premises, that the premises was a three-unit building and therefore the exemption was not available to the defendant (see Cannon v Putnam, 76 NY2d 644, 650; Manfredo v Marvin & Mario Constr., Inc., 216 AD3d 634, 634-635). Contrary to the determination of the Supreme Court, the defendant failed to raise a triable issue of fact regarding its contention that the premises, which consisted of two residential units and a commercial unit used as a daycare center, was a one- or two-family dwelling that would be exempt from liability under Labor Law § 240 (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 557).
The plaintiff further established, prima facie, that the work he performed was an alteration protected by Labor Law § 240(1) (see Goodwin v Dix Hills Jewish Ctr., 144 AD3d at 745-746). However, the defendant raised triable issues of fact as to whether the work was actually a decorative modification and therefore not protected by Labor Law § 240(1). Accordingly, the plaintiff was not entitled to summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant.
The defendant's remaining contention is not properly before this Court.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court