Singh v Hariohm Realty LLC (2025 NY Slip Op 51898(U))

[*1]

Singh v Hariohm Realty LLC

2025 NY Slip Op 51898(U)

Decided on November 26, 2025

Supreme Court, Queens County

Maldonado Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 26, 2025
Supreme Court, Queens County

Tarlochan Singh, Plaintiff,

against
Hariohm Realty LLC, DISTINCTIVE MAINTENANCE COMPANY INC., Defendants.
HARIOHM REALTY LLC, Third-Party Plaintiff,
against
DISTINCTIVE MAINTENANCE COMPANY INC., JIT CONSTRUCTION CORP., CATLIN SPECIALTY INSURANCE COMPANY, STARSTONE US SERVICES, INC. (FORMERLY KNOWN AS TORUS U.S. SERVICES INC.) AS CLAIMS ADMINISTRATOR FOR TORUS NATIONAL INSURANCE COMPANY, KINGSTONE INSURANCE COMPANY, Third-Party Defendants.
Index No. 713451/2020

For Plaintiff Tarlochan Singh:
Jason Samuel Shapiro, Esq.
SHAPIRO LAW OFFICES, PLLC
3205 Grand Concourse Bsmt 1, Bronx, NY 10468
For Defendant HARIOHM REALTY LLC (main defendant & 3rd p plaintiff): Walter Drobenko, Esq.
DROBENKO & ASSOCIATES, P.C
2584 Steinway St, Astoria, NY 11103
For Defendant DISTINCTIVE MAINTENANCE COMPANY INC. (main defendant & 3rd p defendant):
Antonio Peguero and Michael Nelson James Colon
COLON & PEGUERO LLP
160 Broadway Rm 905, New York, NY 10038
For Defendant CATLIN SPECIALTY INSURANCE COMPANY (3rd p defendant):
Bruce Michael Strikowsky
STRIKOWSKY DRACHMAN & SHAPIRO
111 Broadway Suite 1103, New York, NY 10006
For Defendant STARSTONE US SERVICES, INC. (FORMERLY KNOWN AS TORUS U.S. SERVICES INC.) AS CLAIMS ADMINISTRATOR FOR TORUS NATIONAL INSURANCE COMPANY (3rd p defendant):
Jacob Royal Zissu and Yesy Arturo Sanchez CLAUSEN MILLER, P.C.
28 Liberty St Fl 39th, New York, NY 10005
For Third Party Defendant KINGSTONE INSURANCE COMPANY:
Todd Matthew McCauley
MCCAULEY LAW FIRM, PLLC
777 Westchester Ave Ste 101, White Plains, NY 10604

Lumarie Maldonado Cruz, J.

The following papers numbered E122-E136 and E153-171 were read on this motion by Plaintiff TARLOCHAN SINGH (hereinafter "Plaintiff") for an Order pursuant to CPLR § 3212, granting summary judgment, pursuant to NY Lab. Law §240(1), as against all direct Defendants (hereinafter "Defendants"), and for such other and further relief as this Court deems just and proper (Seq. 9). DISTINCTIVE MAINTENANCE COMPANY INC. (hereinafter "DISTINCTIVE") opposes Plaintiff's motion and cross-moves for an Order (1) pursuant to CPLR § 3212, granting summary judgment in their favor; (2) dismissing the Complaint and any and all cross-claims against them; and (3) for such other and further relief as this court deems just and proper. DISTINCTIVE's cross-motion is unopposed. Defendant HARIOHM REALTY LLC (hereinafter "HARIOHM") also opposes and cross-moves for an Order (1) pursuant to CPLR § 3212 granting summary judgment in their favor; (2) dismissing the Complaint as to HARIOHM; and (3) granting leave to amend their Answer to assert cross-claims against co-Defendant DISTINCTIVE. DISTINCTIVE opposes HIRAM's cross-motion.
The following papers numbered E137-E157 were read on this motion by Third-Party Defendant KINGSTONE INSURANCE COMPANY (hereinafter "KINGSTONE"), for an Order (1) pursuant to CPLR § 3212, granting summary judgment in its favor; (2) dismissing the Third Party Complaint and any cross-claims against it; and (3) such other and further relief as this court deems just and proper. (Seq. 10). The motion is unopposed.
PAPERS NUMBERED
Sequence 9:
Plaintiff's Notice of Motion-Affirmation-
Affidavit-Exhibits E122-E153
DISTINCTIVE's Notice of Cross-Motion-Affidavit-Affirmation
in Opposition and in Support of Cross-Motion-Exhibit E158-E161
HARIOHM's Notice of Cross-Motion-Affirmation in in Opposition
and in Support of Cross-Motion-Exhibits E163-E169
Plaintiff's Affirmation in Reply E170
DISTINCTIVE's Affirmation in Opposition
to HARIOHM's Cross-Motion E171
Sequence 10:
KINGSTONE's Notice of Motion-Affirmation-Exhibits-
Statement of Material Facts E137-E157
This case arises out of a construction accident that occurred on October 25, 2015. Plaintiff alleges that he was injured when he fell fifteen (15) feet from a ladder on the premises located at 138-68 94th Avenue, Jamaica, New York, (hereinafter the "subject Premises"), which includes the Retreat Inn, a six-story hotel owned by HARIOHM and operated by DISTINCTIVE. HARIOHM hired contractor Defendant JIT Construction (hereinafter "JIT"), Plaintiff's employer, to waterproof the entire exterior of the Retreat Inn. On the date of the accident, Plaintiff was working for JIT, painting the brick facade of the hotel with waterproofing sealer on an extension ladder, which shook, causing him to fall to the ground. HARIOHM brings a third-party action seeking indemnification from KINGSTONE, an insurance provider.
Upon the foregoing papers and oral arguments held on October 15, 2025, it is ordered that Plaintiff's motion (Seq. 9) is granted in part and denied in part, DISTINCTIVE's cross-motion is granted, HARIOHM's cross-motion is DENIED, and KINGSTONE's motion (Seq. 10) is GRANTED for the following reasons:
When deciding a summary judgment motion, the Court's role is to determine whether material factual issues exist, not to resolve them. Baker v. D.J. Stapleton, Inc., 43 AD3d 839, 841 (2d Dept 2007); Santiago v Joyce, 127 AD3d 954 (2d Dept 2015). A motion for summary judgment should not be granted if triable issue of facts exist. Scott v Long Is. Power Auth., 294 AD2d 348, 348 (2d Dept. 2002). To succeed on a summary judgment motion, "it must clearly appear that no material and triable issue of fact is presented . . . ." Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 (1957); see also Stukas v. Streiter, 83A.D.3d 18 (2d Dept. 2011); Dykeman v. Heht, 52 AD3d 767 (2d Dept. 2008). Should the moving party fail to show the absence of a triable issue of material fact, the motion for summary judgment must be denied. See Gilbert Frank Corp. v. Federal Ins. Co., 70 NY2d 966 (1988).
To successfully argue for summary judgment, the proponent of said motion "'must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" Ayotte v. Gervasio, 81 NY2d 1062-63 (1993) (quoting Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Once the proponent has made a prima facie showing, the burden then shifts to the party opposing the motion to produce evidence sufficient to establish the existence of a triable issue of material fact. See Zuckerman v. City of New York, 49 NY2d 557 (1980). 
Sequence 9:
Plaintiff now moves for an Order pursuant to CPLR § 3212 granting summary judgment in his favor arguing (1) Plaintiff's fall was caused by Defendants' failure to provide him with adequate safety devices; (2) Plaintiff sustained extremely serious injuries, including a displaced right subtrochanteric fracture requiring open reduction surgery with internal fixation, and economic losses; and (3) there is no viable defense to this action, for which Defendants are [*2]strictly liable pursuant to NY Lab. Law §240(1).[FN1]

NY Lab. Law § 240 (hereinafter "§ 240" or "Section 240") "imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites." McCarthy v. Turner Constr., Inc., 17 NY3d 369, 374 (2011). "Violation of the statute alone is not enough; [a] plaintiff [i]s obligated to show that the violation was a contributing cause of his fall." Duda v. John W. Rouse Constr. Corp., 32 NY2d 405, 410 (1973).
Section 240(1) provides in pertinent part:
All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.
Section 240(1) "holds owners and general contractors absolutely liable for any breach of the statute even if 'the job was performed by an independent contractor over which [they] exercised no supervision or control.'" McCarthy, 17 NY3d at 374 (quoting Rocovich v. Consol. Edison Co., 78 NY2d 509, 513 [1991]). Furthermore, "[l]iability is not predicated on fault: it is imputed to the owner or contractor by statute and attaches irrespective of whether due care was exercised and without reference to principles of negligence." Brown v. Two Exch. Plaza Partners, 76 NY2d 172, 179 (1990). Therefore, when deciding whether to grant summary judgment pursuant to § 240, "the single decisive question is whether the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential." Runner v. NY Stock Exchange, Inc., 13 NY3d 599, 603 (2009).
Moreover, to establish liability under § 240(1), the injured worker "must demonstrate the existence of an elevation-related hazard contemplated by the statute and a failure to provide the worker with an adequate safety device." Berg v. Alb. Ladder Co., 10 NY3d 902, 904 (2008); see also Broggy v. Rockefeller Group, Inc., 8 NY3d 675, 681 (2007). To recover under § 240, Plaintiff must establish that "the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries." Cioffi v. Target Corp., 188 AD3d 788, 791 (2d Dept. 2020). "Where a ladder slides, shifts, tips over, or otherwise collapses for no apparent reason, the plaintiff has established a [§ 240(1)] violation." Id.
In support, Plaintiff maintains that he has demonstrated that he was engaged in an "elevation-related hazard contemplated by the statute" at the subject Premises because he was working on a ladder, and the ladder did not prevent him from falling, so the core objective of § 240(1) was not met. See Gordon v. E. Ry. Supply, Inc., 82 NY2d 555, 561 (1993). In further support, Plaintiff submits an affidavit describing Defendants' failure to furnish or put into place the necessary and required safety devices. He further argues that such failure was the proximate [*3]cause of Plaintiff's fall and injuries.[FN2]
Accordingly, it is Plaintiff's position that no triable issue of fact exists, and they should be granted summary judgment on the application of § 240(1) to these basic facts. [FN3]

Plaintiff relies on Second Department authority, citing cases with similar facts where the plaintiff was awarded summary judgment under §240(1): DeSerio v. City of New York, 171 AD3d 867 (2d Dept 2019) (extension ladder shifted and shook); Baugh v. NY City Sch. Constr. Auth., 140 AD3d 1104 (2d Dept 2016) (ladder failed to provide adequate protection); Alvarez v. Vingsan L.P., 150 AD3d 1177 (2d Dept 2017) (ladder shifted).[FN4]

In opposition and in support of their cross-motion for summary judgment, DISTINCTIVE argues that §240(1) does not apply to them in this instance because (1) they did not own the premises where the accident happened nor were they an agent of the owner; (2) they were not a contractor involved in the work; and (3) their only role was to manage the Retreat Inn pursuant to their lease agreement with HARIOHM.[FN5]
Specifically, DISTINCTIVE submits that because they were not "involved in the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure," and "not engaged to do the exterior repairs to the hotel the plaintiff was purportedly doing when the alleged accident occurred,"[FN6]
§240(1) does not apply to them.
In further support, DISTINCTIVE provides deposition testimony of Tricia Uzagir, their Director of Hotel Operations/Hotel Manager (hereinafter "Director Uzagir"), stating that management of the hotel was limited to front desk services, payroll for DISTINCTIVE employees, and housekeeping — specifically, room cleaning and common area cleaning.[FN7]
Director Uzagir further states that neither she nor anyone at DISTINCTIVE ever participated in or made any arrangements with anybody for repairs to the Retreat Inn.[FN8]
Director Uzagir also states in her Affidavit that Nik Patel, a principal of HARIOHM, told her "sometime prior to October 25, 2015, that HARIOHM would be engaging a contractor to do some type of sealing repair work on the exterior of the building. Mr. Patel did not inform me who he was hiring to do the work, what the exterior repair work specifically involved, or the specific date it would be performed."[FN9]

In addition, Mr. Harshad Patel, another principal of HARIOHM (hereinafter "Harshad") testifies that HARIOHM was responsible for the exterior structural maintenance of the building, including any exterior work that affects the structure of the building; that HARIOHM was responsible for hiring companies to repair cracks in the walls, or roof leaks, and that HARIOHM hired JIT to waterproof the exterior of the building.[FN10]
Harshad unequivocally states, "Exterior structural is our job. The structural maintenance is our responsibility."[FN11]
Furthermore, Harshad testifies that he hired JIT to do the waterproofing outside of the building.[FN12]

"Where the owner or general contractor delegates to a third party the duty to conform to the requirements of the Labor Law, that third party becomes the statutory agent of the owner or general contractor." Marquez v. L & M Dev. Partners, Inc., 141 AD3d 694, 697 (2d Dept 2016). In contrast, a construction manager without authority to control the activity which brought about the plaintiff's injury is not considered an agent of the owner under Labor Law § 240(1) . . ." Myles v. Claxton, 115 AD3d 654, 655 (2d Dept 2014).
Here, DISTINCTIVE was not a construction manager, but a hotel manager, and according to the record, did not have authority to control the activity which brought about Plaintiff's injury. As such, no triable issue of material fact exists as to the whether DISTINCTIVE was acting as an agent of the owner HARIOHM as it relates to maintenance of the exterior of the Retreat Inn. Thus, Plaintiff's motion for summary judgment is GRANTED as to DISTINCTIVE only.
In their opposition and in support of their cross-motion for summary judgment, HARIOHM submits that they are not liable for Plaintiff's alleged injuries because: (1) JIT [FN13]
supplied and positioned the ladder; (2) Plaintiff's fall was created by the placement of the ladder by the Plaintiff;" (3) as per the lease agreement between HARIOHM and DISTINCTIVE, DISTINCTIVE "maintained, controlled and operated the subject Premises during the period between December 14, 2014 to December 14, 2015;" (4) HARIOHM was never engaged in any part of the work performed by JIT's employees at any time.[FN14]
Therefore, HARIOHM argues that if Plaintiff was injured, it was "either the result of his own negligence or negligence on part of JIT, or negligence on part of Defendant DISTINCTIVE."[FN15]
According to HARIOHM, "DISTINCTIVE and JIT were negligent in failing to properly supervise [Plaintiff] and the work performed by him, by failing to provide a ladder in proper working condition and proper safety precautions and equipment, by failing to train and provide instructions to [Plaintiff] regarding proper use of ladders while performing waterproofing work and other work related to JIT's [*4]business and by failing to hire experienced and competent employees."[FN16]

This argument is unavailing in the absence of evidence to demonstrate that actions or inactions of DISTINCTIVE constitute the proximate cause of Plaintiff's accident. Here, HARIOHM relies on Blake v. Neighborhood Hous. Servs. of New York City, Inc. 1 NY3d 280 (2003), in which the Court of Appeals noted that an owner is not liable under §240(1) where the plaintiff's own actions are the sole proximate cause of the accident.[FN17]
However, HARIOHM's reliance on Blake is misplaced because in that case, a jury had found that the plaintiff's negligence was the sole proximate cause of the accident.[FN18]
In contrast, this case is at the summary judgment stage, and no evidence has been presented that Plaintiff's conduct or that of DISTINCTIVE was the sole proximate cause of the accident.
Regarding the lease agreement between HARIOHM and DISTINCTIVE, while it does state that HARIOHM granted DISTINCTIVE "access to and control of the Premises," and that DISTINCTIVE is managing the Premises with the consent of the Owner," in the absence of a clear definition of "control" and "management" in the contract, the Court must rely on the testimonial evidence, which states that the extent of DISTINCTIVE's "control" and "management" was limited to front desk services, payroll for DISTINCTIVE employees, and housekeeping.[FN19]

Finally, Article V Section 5.2 of the lease agreement establishes that HARIOHM shall indemnify, defend and hold DISTINCTIVE harmless with regard to liability for claims arising from work done in or about the premises on behalf of HARIOHM, which would include maintenance of the exterior of the hotel.
The Court of Appeals noted that the objective of § 240(1) "was—and still is—to force owners and contractors to provide a safe workplace, under pain of damages." Blake, 1 NY3d at 286. Thus, should Plaintiff show damages, liability lies with the owner HARIOHM and/or the contractor JIT.
Sequence 10:
KINGSTONE now moves for an Order pursuant to CPLR § 3212, granting summary judgment and dismissing the Third-Party Complaint and any cross-claims against them on the grounds that: (1) the location of Plaintiff's accident was not a location covered by the KINGSTONE insurance policy; and (2) the KINGSTONE insurance policy doesn't cover bodily injury to an employee of a contractor (JIT) of the insured (DISTINCTIVE).
KINGSTONE issued an insurance policy to DISTINCTIVE, numbered XXXXX, [*5]effective February 7, 2015, until its cancellation on December 17, 2025.[FN20]
The policy provided general liability coverage in connection with its premises located at 742 Whittier Street, Bronx, New York 10474.[FN21]
Plaintiff's accident occurred at the subject Premises in Jamaica, New York. Therefore, such policy did not cover the accident. Further, a provision in the policy states in relevant part:
WE DO NOT PAY FOR: Liability assumed by the insured [DISTINCTIVE] under any contract or agreement . . . ; Bodily injury and/or property damage arising out of operations or from premises (other than the insured premises) owned by, rented to or controlled by the named insured, or to liability assumed by the insured under any contract or agreement relating to such premises.[FN22]
KINGSTONE convincingly argues that since Plaintiff's alleged bodily injury did not occur at the insured premises, there is no coverage for any loss by Plaintiff from this accident under the Kingstone policy. Therefore, no disputes issues of material fact remain as to whether KINGSTONE is liable, and their motion for summary judgment is GRANTED.
Accordingly, for the aforementioned reasons, it is hereby
ORDERED, that Plaintiff's motion for summary judgment is GRANTED as to HARIOHM and DENIED as to DISTINCTIVE; and it is further
ORDERED, that DISTINCTIVE's cross-motion is GRANTED; and it is further
ORDERED, that HARIOHM's cross-motion is DENIED; and it is further
ORDERED, that KINGSTONE's motion is GRANTED in its entirety; and it is further
ORDERED, that any relief requested and specifically addressed herein has nonetheless been considered and is DENIED; and it is further
ORDERED, that Plaintiff shall serve a copy of this Order with Notice of Entry upon all parties within twenty (20) days of entry this Order.
This constitutes the Decision and Order of the Court.
Dated: November 26, 2025
Long Island City, NY
E N T E R
Hon. Lumarie Maldonado Cruz, J.S.C.

Footnotes

Footnote 1:EF 123 at ¶¶ 4, 5.

Footnote 2:EF 123 at ¶ 30.

Footnote 3:EF 124 at ¶¶ 3-6.

Footnote 4:EF 170 at ¶ 11.

Footnote 5:EF 159 at ¶¶ 3-5. 

Footnote 6:Id. at ¶¶ 6, 7. 

Footnote 7:EF 133, p. 9:11-14; 21-23.

Footnote 8:Id., p. 49:6-17.

Footnote 9:EF 161 at ¶ 7.

Footnote 10:EF 132, pp. 18:23-19:12, 20:5-10, 43:24-44:14.

Footnote 11:Id., p. 19:5-8.

Footnote 12:Id., p. 20:5-8.

Footnote 13:Of note, Defendant JIT has yet to appear in this matter.

Footnote 14:EF 163 at ¶¶ 15-21.

Footnote 15:Id. at ¶ 22.

Footnote 16:Id. at ¶ 23.

Footnote 17:Id. at ¶ 28.

Footnote 18:Blake v. Neighborhood Hous. Servs. of New York City, Inc., 1 NY3d 280, 290 (2003).

Footnote 19:EF 133, p. 49:6-17.

Footnote 20:EF 141 at p. 1.

Footnote 21:Id.

Footnote 22:EF 138 at p. 8.